Filed 4/29/21  P. v. Davidson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048438 |
| Plaintiff and Respondent, | (San Benito County Super. Ct. No. CR-10-00879) |
| v. | |
| RICHARD CARLTON DAVIDSON, | |
| Defendant and Appellant. | |

Appellant Richard Carlton Davidson was convicted in 2011 by a jury of child abuse (Pen. Code, § 273a, subd. (a); count 1),[1] two counts of aggravated assault (former § 245, subd. (a)(1); counts 2 & 3), and two counts of misdemeanor vandalism (§ 594, subd. (a); counts 6 & 7).[2]  On December 9, 2011, the trial court sentenced Davidson to a prison term of 25 years to life plus 13 years each for counts 1, 2, and 3.  The sentences for counts 2 and 3 were stayed pursuant to section 654.  The court also imposed a term of 25 years to life plus 13 years for count 6 (misdemeanor vandalism), to be served

---

[1] Unspecified statutory references are to the Penal Code.

[2] We take judicial notice of this court's 2015 opinion in this matter (*People v. Davidson* (Feb. 9, 2015, H037751) [nonpub. opn.].)  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)  We take the procedural history of Davidson's jury trial and original sentence from that prior opinion.  As they are not relevant to this appeal, we do not here recite the underlying facts of Davidson's crimes.

consecutively to the term imposed on count 1. For count 7, the court imposed a term of one year in county jail to be served concurrently with defendant's aggregate indeterminate term of 50 years to life plus a determinate term of 26 years.

On direct appeal, this court in 2015 reversed the judgment and ordered the trial court to resentence Davidson on his conviction for misdemeanor vandalism in count 6, vacate his conviction for assault by means likely to produce great bodily injury in count 3, stay his conviction for misdemeanor vandalism in count 7, and reconsider the fines and fees imposed. (*People v. Davidson*, *supra*, H037751.) This court otherwise affirmed the convictions. Among other arguments, this court rejected Davidson's contention that a pervasive pattern of prosecutorial misconduct warranted vacatur of his convictions. (*Id*. at p. 19.)

On September 16, 2015, the trial court resentenced Davidson to an indeterminate term of 25 years to life in prison for his conviction of child abuse (§ 273a, count 1), imposed and stayed under section 654 terms of 25 years to life for Davidson's convictions in counts 2 and 3 (felony aggravated assault, former § 245, subd. (a)(1)), imposed a one-year concurrent jail sentence for his conviction of vandalism (§ 594, subd. (a)) in count 6, imposed and stayed under section 654 a one-year jail sentence for the vandalism conviction (§ 594, subd. (a)) in count 7, and imposed an additional 13-year determinate term for Davidson's serious felony and prison priors. The court awarded Davidson a total of 486 days of presentence credits, composed of 405 days of actual credit and 81 days of conduct credit.

On November 9, 2015, Davidson again appealed, arguing the trial court failed to vacate the conviction on count 3 as directed by this court on remand and erred in the calculation of his presentence conduct credits. On January 19, 2016, the trial court vacated and struck the sentence imposed on count 3 and directed the clerk to prepare an amended abstract of judgment. The amended abstract of judgment reflects Davidson was awarded a total of 1,580 days of presentence credits, based on 1,378 days of actual credit

and 202 days of conduct credit. (*People v. Davidson* (Apr. 25, 2017, H043005 [nonpub. opn.]).).[3] In the appeal from the 2015 resentencing, this court rejected Davidson's contention that he was entitled to resentencing under the Three Strike Reform Act and modified the judgment to correct certain fines and fees imposed by the trial court. (*Id.* at p. 11.)

On March 23, 2020, a federal district court granted Davidson's petition for a writ of habeas corpus on the ground that the prosecutor had committed serious misconduct, and defense counsel was constitutionally ineffective in failing to respond adequately to the misconduct. (*Davidson v. Arnold* (N.D. Cal. Mar. 23, 2020, 16-cv-03298-JD) 2020 WL 1332096.) The federal district court vacated Davidson's conviction and ordered him released unless the State of California began proceedings to retry him within 90 days of the issuance of the order. (*Ibid.*)

On June 18, 2020, the trial court held a review hearing on the matter. On August 13, 2020, Davidson entered a guilty plea to one count of child abuse (§ 273a, subd. (a); count 1) and admitted one strike prior. The trial court dismissed the remaining charges and allegations. That same day, it sentenced Davidson to a term of 12 years and awarded 486 days of presentence credit "as of December 9th, 2011" but did not award any other custody credits. The trial court stated that the Department of Corrections would calculate Davidson's credits for his post-December 9, 2011 time in custody. The trial court ordered a restitution fine of $300 (§ 1202.4, subd. (b)), a suspended parole revocation fine of $300 (§ 1202.45), a court operations assessment of $ 40 (§ 1465.8), and a criminal conviction assessment of $30 (Gov. Code, § 70373). The abstract of judgment mistakenly indicates that the trial court imposed a criminal conviction assessment of $60, rather than the $30 actually imposed by the trial court.

---

[3] We take judicial notice of this court's 2017 opinion. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

Davidson filed a timely notice of appeal, and this court appointed counsel to represent him. On September 24, 2020, appellate counsel wrote to the trial court and requested that it correct an error pursuant to section 1237.1 in the credits awarded at Davidson's sentencing (September 24 letter). Specifically, the trial court failed to credit Davidson with the days he had served in custody in the California Department of Corrections and Rehabilitation (CDCR) after his original sentencing. Appellate counsel asserted that the trial court should award 3,171 days of actual days credits and 346 days of conduct credits, for a total of 3,517 days of credits.

On October 10, 2020, the trial court amended the award of credits and awarded Davidson 3,575 actual days and 3,574 days of conduct credits, for a total of 7,149 days of custody credits.

On October 28, 2020, appellate counsel again wrote to the trial court and indicated that it had erred under *In re Martinez* (2003) 30 Cal.4th 29 and *People v. Donan* (2004) 117 Cal.App.4th 784, 789 in its calculation of the credits it had awarded Davidson on October 10, 2020 (October 28 letter). According to appellate counsel, the trial court should have awarded 346 days of conduct credits, with the CDCR to award the conduct credits for the period of time Davidson had spent in its custody prior to the issuance of the district court's order granting his petition for writ of habeas corpus. Appellate counsel requested, pursuant to section 1237.1, that the trial court issue an amended abstract of judgment correctly accounting for Davidson's credits. Appellate counsel did not reference in his October 28 letter that the trial court on October 10, 2020, had given Davidson 404 more days of credit for actual days in custody than the figure appellate counsel had indicated in his September 24 letter.

On November 6, 2020, the trial court amended the August 13, 2020 sentence to award Davidson custody credits of 3,575 actual days (the same number it had awarded on October 10) and 346 conduct days. The trial court subsequently on November 13, 2020, issued an amended abstract of judgment reflecting this order. Following the issuance by

4

the trial court of the amended abstract of judgment on November 13, 2020, appellate counsel filed an opening brief in this court stating the case and the facts but raising no specific legal issues.

Appellate counsel has declared that he notified Davidson both of his intention to request independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and of Davidson's right to file written argument on his own behalf. We notified Davidson of his right to submit written argument on his own behalf but have received no response from him.

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Concluding there is no arguable issue on appeal that would result in a disposition more favorable to Davidson, we affirm the judgment. We order the trial court to correct the abstract of judgment to reflect a $30 rather than a $60 criminal conviction assessment (Gov. Code, § 70373).

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect a $30 rather than a $60 criminal conviction assessment (Gov. Code, § 70373). The superior court clerk is directed to forward a copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

_____
                                         Danner, J.


WE CONCUR:




_____
Greenwood, P.J.




_____
Grover, J.




**H048438**
*People v. Davidson*